**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Emery; Sandra Emery,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Wells Fargo Bank, N.A., Successor by merger to Wells Fargo Home Mortgage, Inc.,<br><br>　　　　Defendant. | No. CV 05-1485-PHX-NVW<br><br>**ORDER**<br><br>[Not For Publication] |

  The court has considered Defendant's Motion For Summary Judgment (doc. # 36) ("Wells Fargo Motion"), Defendant's Statement Of Facts In Support Of Its Motion For Summary Judgment (doc. # 37) ("Wells Fargo SOF"), Plaintiff's Objection And Response To Defendant's Motion For Summary Judgment (doc. # 40) ("Emery Response"), and Defendant's Reply To Plaintiff's Response On Defendant's Motion For Summary Judgment (doc. # 43) ("Wells Fargo Reply"), as well as the plaintiff's Motion For Summary Judgment (doc. # 38) ("Emery Motion"), Defendant's Response To Plaintiffs' Motion For Summary Judgment (doc. # 44) ("Wells Fargo Response"), and Defendant's Response Controverting Plaintiff's Statement Of Facts (doc. # 45) ("Wells Fargo CSOF").  The court also ordered and has considered the following additional submissions:  Defendant's Notice Of Filing Affidavits To Support Motion For Summary Judgment (doc. # 48) and Plaintiffs' Objection And Response To Defendant's Notice Of Filing Affidavits To Support Motion For Summary

Judgment (doc. # 51), as well as Plaintiffs' Statement Of Facts In Support Of Their Motion For Summary Judgment (doc. # 49), plaintiffs' Exhibits A2 Through A8 And Exhibit S1 (doc. #s 50-1 and 50-2), and Defendant's Response To Plaintiffs' Statement Of Facts (doc. # 53).

Raymond and Sandra Emery (the "Emerys") brought this action against Wells Fargo Bank, N.A. ("Wells Fargo") after Wells Fargo commenced foreclosure proceedings against the Emerys' residential property. The Emerys allege multiple federal statutory and regulatory violations relating to the loan transaction that gave rise to their mortgage.

**I.      Background**

The Emerys received a loan from Wells Fargo Home Mortgage, the predecessor to Wells Fargo, on September 30, 2003. (Complaint at ¶ 6.) As part of the lending transaction, Wells Fargo Home Mortgage retained a security interest in the Emerys' residential property in Glendale, Arizona. (*Id.* at ¶ 8.) Wells Fargo invoked that security interest against the Emerys after the Emerys stopped making payments on the loan. (Wells Fargo Motion at 2; Emerys Motion at 5.)

According to the Emerys, legally required disclosures related to their loan were never provided to them, and by letter of July 7, 2004, they purported to rescind the mortgage transaction on that basis. (doc. # 49 at ¶¶ 2-3.) When Wells Fargo did not respond to the Emerys' letter, the Emerys sent further correspondence purporting to bind Wells Fargo in various ways if not formally responded to. (*Id.*) After the Emerys subsequently stopped making payments on their loan, Wells Fargo initiated foreclosure proceedings through Loanstar Mortgagee Services (doc. # 49 at ¶ 4) and transferred its interest in the note to EMC Mortgage Corporation.

The Emerys in their Complaint allege multiple violations of the Truth In Lending Act, the Consumer Credit Protection Act, and those statutes' implementing regulations. Both parties now move for summary judgment on Counts One through Twenty-One of the Emerys' Complaint.

1  **II.     Evidentiary Issues**

2  The court previously allowed the parties to submit corrections to their cross-motions 3 for summary judgment.  With their original submissions the Emerys failed to provide any 4 evidence; although the Emerys apparently intended to rely on multiple documents that were 5 attached to their Complaint, they failed to cite those documents and did not file a statement 6 of facts specifically referencing them as required by LRCiv 56.1.  (*See* doc. # 47.)  Wells 7 Fargo, for its part, submitted documentary evidence without authentication.  (*See id.*)  In lieu 8 of adjudicating the cross-motions on a record devoid of admissible evidence, the court 9 permitted the parties to correct these deficiencies and an opportunity to object to the 10 opposing party's corrections.  (*Id.*)

11 The Emerys now object to Wells Fargo's affidavits and to Wells Fargo's Exhibits.  The 12 court first addresses the objection to Wells Fargo's Exhibits and then the objection to Wells 13 Fargo's affidavits.

14       **A.     Objection To Exhibits**

15 The Emerys object to Wells Fargo's Exhibits on the ground that they are not 16 authenticated.  "The requirement of authentication or identification as a condition precedent 17 to admissibility is satisfied by evidence sufficient to support a finding that the matter in 18 question is what its proponent claims."  Fed.R.Evid. 901.  Here, Wells Fargo seeks to 19 authenticate the Exhibits as documents relating to the Emerys' loan that were retained on file. 20 Two kinds of evidence would support such a finding.

21 First, affidavit testimony supports such a finding.  The affidavit of Jennifer Poole 22 indicates that she prepared Exhibits A, B, and C.  (doc. # 45 Ex. A at ¶¶ 1, 3, 5-6.)  Donna 23 Draper's affidavit states that Exhibits A, B, D, E, F, G, H, and O are true and correct copies 24 of the original loan documents previously or still in the possession of EMC Mortgage 25 Corporation, the assignee and current holder of the mortgage.  (doc. # 48, Aff. of Donna 26 Draper at ¶ 5.) The affidavit of Mark Mott similarly identifies Exhibits A, B, D, E, F, G, H, 27 and O as documents Wells Fargo received through discovery production from EMC 28 Mortgage Corporation.  (*Id.*, Aff. of Mark Mott at ¶ 10.)

- 3 -

Second, the contents of the Exhibits help to authenticate them. The "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics" of evidence can, when taken in conjunction with circumstances, satisfy the requirement of authentication. Fed.R.Evid. 901(b)(4). Here, all of the Exhibits relied on by the court in its disposition of these motions are specifically labeled for or addressed to, or are signed or initialed by, the Emerys. *See Orr v. Bank of Am.*, 285 F.3d 764, 774 (9th Cir. 2002) (holding that 901(b)(4) was inapplicable to authenticate a deposition because the deponent's name was not mentioned in the document purported to be the deposition). Although the Emerys repeatedly allege fraud in connection with their mortgage transaction, nowhere in the record do they allege that the signatures and initials on these documents are not their own or that they have not seen such documents. Moreover, the Emerys' signatures appear on their Complaint and throughout their papers filed in this proceeding. The trier of fact can compare their true signatures appearing in the court file with the signatures appearing in Wells Fargo's Exhibits and reasonably conclude that the Emery's signed those Exhibits.

In light of these two kinds of evidence, Wells Fargo has made out a prima facie case that the proffered evidence is what it purports to be. Federal Rule of Evidence 901 does not require more. *Alexander Dawson, Inc. v. NLRB*, 586 F.2d 1300, 1302 (9th Cir. 1978) ("The issue for the trial judge under Rule 901 is whether there is prima facie evidence, circumstantial or direct, that the document is what it is purported to be. If so, the document is admissible in evidence."). The court therefore overrules the objection to Wells Fargo's Exhibits.

### B. Objection To Affidavits

The Emerys object to the affidavits of Mark Mott, Donna Draper, and Jennifer Poole as improper under rule 56(e), Fed. R. Civ. P. That rule requires affidavits submitted on a motion for summary judgment to:

> be made on personal knowledge . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof

> referred to in an affidavit shall be attached thereto or served therewith.

The Emerys assert that the affidavit testimony submitted by Wells Fargo (1) is irrelevant, (2) was not made on personal knowledge, (3) was not made by competent sworn witnesses, and (4) was not served with certified copies of all papers referred to in the affidavits. (*See* doc. # 51.) The Emerys also allege that the affidavit testimony is hearsay. (*Id.* at 8.) The court addresses each of these in turn and overrules the objections.

### 1. Relevance

The court has only relied on relevant evidence in deciding these motions and to the extent it has relied on Wells Fargo's affidavits, they are relevant. The standard for relevance is found in Federal Rule of Evidence 401, which states: "'Relevant evidence' means evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Here, all three affidavits were submitted to authenticate Exhibits submitted by Wells Fargo and all three make the genuineness of the Exhibits more probable. To the extent an Exhibit may be relevant, so too is the question of whether the Exhibit is what its proponent claims it to be. *See Orr v. Bank of Am.*, 285 F.3d 764, 775 (9th Cir. 2002) ("The evidence . . . to establish authenticity should be evidence that is relevant on the limited question of genuineness . . . ." (citations omitted)). Evidence of authenticity is required, moreover, for the proponent of an Exhibit to enter it into evidence under Rule 901. *Id.* at 773 ("Authentication is a condition precedent to admissibility . . . ." (footnote and internal quotations omitted)). Wells Fargo's affidavit testimony is therefore relevant, and the Emerys' objection is overruled.

### 2. Personal Knowledge

The affidavits are made on personal knowledge. The standard for personal knowledge is found in Federal Rule of Evidence 602, which states: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." "Rule 602, however, does not require that the witness'

- 5 -

1 knowledge be positive or rise to the level of absolute certainty." *M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc.*, 681 F.2d 930, 932 (4th Cir. 1982). Evidence meets the requirement of Rule 602 unless the trial court "finds that the witness could not have actually perceived or observed that which he testifies to." *Id.* (citing 2 J. Wigmore, Evidence § 658 (J. Chadbourn Rev. 1979)).

Here, all three affidavits are submitted to authenticate Exhibits as documents that were on file with the affiants' employers, and all three affidavits include assertions sufficient to support a finding that the affiants personally encountered the documents in the course of their employment. First, Jennifer Poole authenticates Exhibits A, B, and C as loan documents she prepared while working as a Mortgage Closing Specialist for Wells Fargo. (doc. # 45, Aff. of Jennifer Poole at ¶¶ 1-2.) Second, Mark Mott testified to being a Consultant to Wells Fargo with respect to transfers of mortgage servicing and authenticates Exhibits A, B, D, E, F, G, H, and O as documents transferred to Wells Fargo from EMC Mortgage, the current holder of the Emerys' mortgage and loan documents. (doc. # 48, Aff. of Mark Mott at ¶¶ 1-4, 6.) Third, Donna Draper testified to being the custodian of records for loan documents at EMC Mortgage and authenticates Exhibits A, B, D, E, F, G, H, and O as the documents on file or previously on file with EMC. (*Id.*, Aff. of Donna Draper at ¶¶ 1-2.) The affidavit testimony thus meets the requirement of Rule 602, and the Emerys' objection is overruled.

### 3. Competent, Sworn Witnesses

The three affidavits are properly sworn and provided by competent witnesses. The standard for competency is found in Federal Rule of Evidence 601, which states: "Every person is competent to be a witness except as otherwise provided in [the Federal Rules of Evidence]." Each affidavit was sworn in front of a notary and nothing in the record suggests that these witnesses were not competent to testify. The objection is therefore overruled.

### 4. Service

Although Wells Fargo technically violated Federal Rule of Civil Procedure 56(e) by not attaching additional copies of the previously-filed Exhibits to the affidavits, nothing in the record suggests that the Emerys were prejudiced thereby. "The court at every stage of

- 6 -

1 the proceeding must disregard any error or defect in the proceedings which does not affect
2 the substantial rights of the parties." Fed. R. Civ. P. 61.  Here, the Emerys were first served
3 the Exhibits with Wells Fargo's original motion for summary judgment.  They were therefore
4 already in possession of the Exhibits when served with the supplemental affidavits of Mark
5 Mott and Donna Draper.  The affidavit of Jennifer Poole was also already in the Emerys'
6 possession, having been filed and served with Wells Fargo's CSOF.  (*See* doc. # 45.)  The
7 Emerys were permitted to object to all three of the affidavits and do not suggest any way that
8 renewed service of the Exhibits would have benefitted them.  Under such circumstances this
9 technical violation of Rule 56(e) would not affect substantial rights and is therefore excused.

### 5. Hearsay

Nothing in the affidavits is hearsay.  "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c).  No statement by any third person is related in the affidavits.  The objection is therefore overruled.

## III. Legal Standard For Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine dispute regarding the material facts of the case and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(c) (2004); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The Court must evaluate a party's motion for summary judgment construing the alleged facts with all reasonable inferences favoring the nonmoving party. *See Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1117 (9th Cir. 2001).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party has met its initial burden with

1   a properly supported motion, the party opposing the motion "may not rest upon the mere
2   allegations or denials of his pleading, but ... must set forth specific facts showing that there
3   is a genuine issue for trial." *Anderson*, 477 U.S. at 248. Summary judgment is appropriate
4   against a party who "fails to make a showing sufficient to establish the existence of an
5   element essential to that party's case, and on which that party will bear the burden of proof
6   at trial." *Id.* at 322. *See also Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir.
7   1994). Although the initial burden is on the movant to show the absence of a genuine issue
8   of material fact, this burden may be discharged by indicating to the Court that there is an
9   absence of evidence to support the nonmoving party's claims. *See Singletary v.*
10   *Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001).

11   **IV.**     **Count 1 (15 U.S.C. § 1601 *et. seq.*)**

12         The Emerys allege in Count One that "mortgage documents" were not given to them
13   after Wells Fargo signed them, in violation of 15 U.S.C. § 1601, *et. seq.* (Complaint at ¶¶
14   35-38.) Unable to discern which statutory provision is alleged to have been violated, Wells
15   Fargo presents documentary evidence that disclosures generally required by 15 U.S.C. §
16   1601 *et. seq.* were provided to the Emerys. (*See* Wells Fargo SOF Ex. C, D & G.) The
17   Emerys have not clarified which statutory provision is alleged to have been violated and have
18   not specifically responded to Wells Fargo's motion regarding Count One. The court therefore
19   grants Wells Fargo's motion.

20   **V.**     **Count 2 (15 U.S.C. § 1635 *et. seq.*)**

21         The Emerys allege in Count Two that Wells Fargo failed to comply with the
22   disclosure requirements of 15 U.S.C. § 1635, implying that the Emerys are entitled to the
23   remedies therein including rescission of the transaction. Wells Fargo argues that the Emerys'
24   loan was not subject to 15 U.S.C. § 1635, relying on subsection (e) therein which states:

25         **(e) Exempted transactions; reapplication of provisions**
        This section does not apply to—
26             **(1)** a *residential mortgage transaction* as defined in
        section 103(w) [15 USC § 1602(w)]

27

28

15 U.S.C. § 1635(e)(1) (emphasis added).  The term "residential mortgage transaction" is defined in 15 U.S.C. § 1602(w) as:

> a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling *to finance the acquisition or initial construction of such dwelling.*

15 U.S.C. § 1602(w) (emphasis added).  Wells Fargo submits documentary evidence that the Emerys' mortgage was a purchase money mortgage, (Wells Fargo SOF Ex. B at 3), satisfying § 1602(w) and the exception in § 1635(e)(1).  *See Heuer v. Forest Hill State Bank*, 728 F. Supp. 1199, 1200-01 (D. Md. 1989) ("[I]t is clear that the Congress did not intend the recission obligation (or disclosure of it) to extend to a loan whose predominant purpose is to enable the borrower to acquire or erect, on her property, a new residential structure.").  The Emerys have not specifically addressed Wells Fargo's arguments or provided contradictory evidence with respect to Count Two.  The court therefore grants Wells Fargo's motion.

**VI.     Count 3 (15 U.S.C. § 1639 *et. seq.*)**

The Emerys allege in Count Three that Wells Fargo failed to provide them at any time with the specific disclosures required in 15 U.S.C. § 1639(a)(1)(A) and (B).  Wells Fargo argues that § 1639(a)(1) does not apply to the Emerys' loan.

Section 1639(a) states in relevant part:

> **(a)** Disclosures
> **(1)** Specific disclosures
>   In addition to other disclosures required under this title [15 USC §§ 1601 et. seq.], *for each mortgage referred to in section 103(aa) [15 USC § 1602(aa)]*, the creditor shall provide the following disclosures in conspicuous type size:
>   **(A)** "You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application.".
>   **(B)** "If you obtain this loan, the lender will have a mortgage on your home.  You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.".

(Emphasis added.)  Section 1602(aa) of Title 15 states in relevant part:

- 9 -

> **(aa)(1)** A *mortgage* referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, *other than a residential mortgage transaction*, a reverse mortgage transaction, or a transaction under an open end credit plan, if– . . . [certain requirements follow].

(Emphasis added.) As discussed above, the Emerys' loan was a "residential mortgage transaction." The Emerys' transaction is therefore not a "mortgage referred to in section [1602(aa)]," leaving § 1639 inapplicable to their loan. The Emerys have not specifically addressed Wells Fargo's arguments or provided evidence with regard to Count Three. The court therefore grants Wells Fargo's motion.

### VII.   Count 4 (15 U.S.C. § 1638 *et. seq.*)

The Emerys allege in Count Four that Wells Fargo failed to comply with the disclosure requirements of 15 U.S.C. § 1638(a)(2)(B), (a)(11), and (a)(12) and Regulation Z, Part 226.17 *et. seq.* Wells Fargo provides documentary evidence of its general compliance with these sections. (Wells Fargo SOF Ex. H.) The Emerys neither refute Wells Fargo's arguments or provide evidence specifically addressing Count Four. The court therefore grants Wells Fargo's motion.

### VIII.   Count 5 (12 C.F.R. §§ 226.23(a)(1) & 226.17(a)(1))

The Emerys allege in Count Five that Wells Fargo violated the disclosure and grouping requirements of 12 C.F.R. §§ 226.23(a)(1) and 226.17(a)(1). The Emerys fail to provide any explanation of the alleged violation of § 226.17(a)(1) and have not contested or presented evidence contradicting Wells Fargo's generally asserted compliance with that section. Subpart 226.23 of Title 12, C.F.R., for its part, does not apply to "residential mortgage transactions" such as the Emerys' loan. *See* 12 C.F.R. § 226.23(f) (exempting residential mortgage transactions from the right to rescind provided in 12 C.F.R. § 226.23(a)(1)). The court therefore grants Wells Fargo's motion.

### IX.   Count 6 (12 C.F.R. § 226.18 *et. seq.*)

The Emerys allege in Count Six that Wells Fargo violated 12 C.F.R. § 226.18 by not providing documentation of their right to rescind. The right to rescind and the related

- 10 -

documentation requirements are not discussed, however, in 12 C.F.R. § 226.18. Subpart 23 of Part 226 of Title 12, C.F.R. is the section related to debtors' right of rescission, which as discussed above, is inapplicable to the Emerys' transaction. *See* 12 C.F.R. § 226.23(f). The court therefore grants Wells Fargo's motion on Count Six.

**X.      Count 7 (12 C.F.R. § 226 *et. seq.*)**

The Emerys allege in Count Seven that Wells Fargo failed to provide business interest disclosures as required by 12 C.F.R. § 226 *et. seq.* The Emerys have not refuted or submitted evidence contradicting Wells Fargo's documentary evidence of the required disclosures. (*See* Wells Fargo SOF Ex. E.) The court therefore grants Wells Fargo's motion on Count Seven.

**XI.     Count 8 (12 C.F.R. § 226.18(c) & 12 U.S.C. § 2601 *et. seq.*)**

The Emerys allege in Count Eight that they received no good faith estimate copy as required of Wells Fargo by 12 C.F.R. § 226.18 and 12 U.S.C. § 2601 *et. seq.* The Emerys do not present evidence refuting the documentary evidence provided by Wells Fargo on this issue or otherwise argue the point. (*See* Wells Fargo SOF Ex. F.) The court therefore grants Wells Fargo's motion on Count Eight.

**XII.    Count 9 (12 C.F.R. § 226.18(p))**

The Emerys allege in Count Nine that Wells Fargo failed to include in the loan documentation a specific reference to the contract as required by 12 C.F.R. § 226.18(p). The Emerys fail to offer any evidence on this issue and do not dispute Wells Fargo's documentary evidence of compliance. (Wells Fargo SOF Ex. G.) The court therefore grants Wells Fargo's motion on Count Nine.

**XIII.   Count 10 (15 U.S.C. § 1601 *et. seq.* & 12 C.F.R. § 226)**

The Emerys in Count Ten broadly allege violations of 15 U.S.C. § 1601 *et. seq.* and 12 C.F.R. § 226. Count Ten alleges the same violations already alleged by the Emerys in Counts One, Seven, Eight and Nine. The Emerys do not address Wells Fargo's motion with respect to Count Ten, offer no evidence in opposition to the motion, and do not cite specific provisions allegedly violated. The court therefore grants Wells Fargo's motion.

**XIV.   Count 11 (12 C.F.R. § 226.4 *et. seq.*)**

The Emerys allege in Count Eleven that Wells Fargo failed to make the disclosures required by 12 C.F.R. § 226.4 *et. seq.*  The Emerys fail to offer any evidence on this issue and do not dispute Wells Fargo's documentary evidence of compliance.  (*See* Wells Fargo SOF Ex. G.)  The court therefore grants Wells Fargo's motion on Count Eleven.

**XV.   Count 12 (12 U.S.C. § 2610 *et. seq.*)**

The Emerys allege in Count Twelve that Wells Fargo failed to disclose charges other than finance charges debited to the account during the acceleration period as required by 12 C.F.R. § 226.21.  Neither 12 C.F.R. § 226.21 or 12 U.S.C. § 2610, which is cited only in the caption of Count Twelve, contain such a requirement.  Nor have the Emerys clarified which statutory or regulatory provision is alleged to have been violated.  The court therefore grants Wells Fargo's motion on Count Twelve.

**XVI.   Count 13 (12 U.S.C. § 2610 *et. seq.*)**

The Emerys allege in Count Thirteen that Wells Fargo inflated the acceleration fees on their loan to a usurious level in violation of 12 U.S.C. § 2610 *et. seq.*  Section 2610 is unrelated to this allegation and the Emerys have not responded with a statutory reference upon which to predicate liability.  The court therefore grants Wells Fargo's motion on Count Thirteen.

**XVII. Count 14 (12 U.S.C. § 2610)**

The Emerys allege in Count Fourteen that Wells Fargo failed to disclose the date by which new balances must be paid in order to avoid additional finance charges as required by 12 C.F.R. § 226.18(p).  Neither 12 U.S.C. § 2610, which is mentioned only in the caption of Count Fourteen, or 12 C.F.R. § 226.18(p) require such a disclosure.  Nor have the Emerys specifically addressed Count Fourteen in their Response.  The court therefore grants Wells Fargo's motion on Count Fourteen.

**XVIII.      Count 15 (15 U.S.C. § 1601 *et. seq.*)**

The Emerys allege in Count Fifteen that Wells Fargo failed to provide them signed copies of the complete mortgage as required by 15 U.S.C. § 1601 *et. seq.*  Wells Fargo

1  provides documentary evidence that the Emerys signed the deed of trust (Wells Fargo SOF
2  Ex. B), and the Emerys themselves admit receiving the Deed of Trust, albeit in a form signed
3  only be the Emerys. (Aff. of Raymond Emery at ¶ 4, attached to Complaint.) **The Emerys,**
4  **however, have provided no citation to legal authority indicating that they were entitled to**
5  **anything beyond what they received. In the absence of legal authority upon which to**
6  **predicate liability, the court grants Wells Fargo's motion on Count Fifteen.**
7  **XIX. Count 16 (15 U.S.C. § 1601 & Reg. Z of 12 C.F.R. § 226)**
8  The Emerys allege in Count Sixteen that Wells Fargo violated 15 U.S.C. § 1601 and
9  12 C.F.R. § 226 by failing to include and have signed certain required sentences in the loan
10 documentation. The Emerys have not clarified which specific provisions are alleged to have
11 been violated and have not provided evidence in opposition to Wells Fargo's motion on this
12 Count. The court therefore grants Wells Fargo's motion on Count Sixteen.
13 **XX.    Count 17 (12 U.S.C. § 2601)**
14 The Emerys allege in Count Seventeen that Wells Fargo failed to disclose that the loan
15 obtained had an interest rate different from the rate reflected in the preliminary disclosures.
16 Wells Fargo presents documentary evidence that the Emerys were informed that their interest
17 rate was variable because they had elected to "play the market." (Wells Fargo SOF at Ex.
18 C.) The Emerys provide no evidence contradicting Wells Fargo's submitted evidence on the
19 issue and do not address this Count. The court therefore grants Wells Fargo's motion on
20 Count Seventeen.
21 **XXI.   Count 18 (12 U.S.C. § 2601)**
22 The Emerys allege in Count Eighteen that Wells Fargo failed to disclose the loan's
23 origination fees in violation of 12 U.S.C. § 2601. Wells Fargo has provided documentary
24 evidence that the fees were disclosed. (Wells Fargo SOF Ex. C.) Because the Emerys have
25 not submitted any evidence on the issue, the court grants Wells Fargo's motion on Count
26 Eighteen.
27
28

- 13 -

**XXII. Count 19 (15 U.S.C. § 1601)**

The Emerys allege in Count Nineteen that Wells Fargo failed to provide the Emerys the three-day cooling off period as required by Regulation Z and 15 U.S.C. § 1601 *et. seq.* As discussed above, the Emerys' loan was a residential mortgage transaction. The three-day cooling off period is found in 15 U.S.C. § 1635(a) and does not apply to residential mortgage transactions. *See* 15 U.S.C. § 1635(e). The court therefore grants Wells Fargo's motion on Count Nineteen.

**XXIII.        Count 20 (15 U.S.C. § 1601 *et. seq.* & 12 C.F.R. § 226.18)**

The Emerys allege in Count Twenty that Wells Fargo failed to make disclosures required by 15 U.S.C. § 1601 et. seq. and 12 C.F.R. § 226.18 in clear and conspicuous writing in a form that the Emerys could keep. The Emerys have not specified which disclosures were inadequate and have not responded to Wells Fargo's motion on this Count. The court therefore grants Wells Fargo's motion.

**XXIV. Count 21 (12 U.S.C. § 2601 *et. seq.* & 15 U.S.C. § 1601 *et. seq.*)**

The Emerys allege in Count Twenty-One that Wells Fargo failed to provide proper notice for acceleration of the loan transaction as required by 12 U.S.C. § 2601 *et. seq.* and 15 U.S.C. § 1601 *et. seq.* The Emerys fail to specify which statutory provisions are alleged to have been violated, do not specifically address Wells Fargo's motion on Count Twenty-One, and produce no evidence related to this Count. The court therefore grants Wells Fargo's motion.

**IT IS THEREFORE ORDERED** that Wells Fargo's Motion For Summary Judgment (doc. # 36) on counts 1 through 21 is granted.

**IT IS FURTHER ORDERED** that the Emerys' Motion for Summary Judgment (doc. # 38) is denied.

DATED this 16th day of February 2006.

_____
Neil V. Wake
United States District Judge

- 14 -